UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| JOHN PEEK,<br><br>    Plaintiff,<br><br> v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | CASE NO. 3:17-cv-5951 RJB<br><br>ORDER ON MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION |

This matter comes before the Court on the United States' Motion to Dismiss Plaintiff's Amended Complaint. Dkt. 12. The Court has considered the pleadings filed regarding the motion and remaining record, and is fully advised.

On November 17, 2017, Plaintiff filed this case asserting negligence claims under the Federal Torts Claims Act, 28 U.S.C. § 2671 *et. seq.*, ("FTCA"). Dkt. 1. Defendant now moves to dismiss pursuant to Fed. R. Civ. P. 12 (b)(1), arguing that this Court is divested of jurisdiction to consider Plaintiff's claims pursuant to the Veterans' Judicial Review Act, 38 U.S.C. § 511. Dkt. 12. For the reasons provided below, the Motion (Dkt. 12) should be granted, in part, and denied, in part.

# I. FACTS AND PROCEDURAL HISTORY

According to the First Amended Complaint, in the spring of 2013, Plaintiff was treated by doctors at the U.S. Department of Veterans Affairs ("VA") for a right foot ulcer. Dkt. 10. Due to his inability to care for himself and stay off his feet, on May 3, 2013, Plaintiff's VA foot doctor recommended that he be admitted to a VA Community Living Center ("CLC"). *Id.,* at 2. The request for admission was denied. *Id.*

On the advice, recommendation and request of his VA foot doctor, Plaintiff again applied to be admitted to the CLC on May 13, 2013. *Id.* The request for admission to the CLC was denied. *Id.*

Wound care for Plaintiff's foot ulcer continued. *Id.*, at 3. In August of 2013, Plaintiff developed a left foot ulcer. *Id.* A third request for admission to the CLC was made and denied. By August 23, 2013, both foot ulcers were worse. *Id.*

On the advice, recommendation and request of his VA foot doctor, Plaintiff again applied to be admitted to the CLC on September 10, 2013, which was denied. *Id.* He was finally admitted to the CLC in early October 2013. *Id.*

On November 7, 2013, a radiograph was taken, which revealed a bone infection. *Id.* On January 13, 2014, Plaintiff's left leg was amputated below the knee. *Id.* On February 14, 2014, his right foot's first metatarsal head was removed. *Id.*

Plaintiff's Amended Complaint asserts that:

The VA was negligent in one or more of the following particulars:

(a) Failing to follow the advice, recommendations, orders and requests of Plaintiff's treating foot doctor and healthcare provider to place [Plaintiff] in a setting where he would be able to stay off of his feet;

(b) Failing to adequately and appropriately treat [Plaintiff] for his foot ulcers;

     (c) Failing to adequately and appropriately treat [Plaintiff] for his developing bone infections;

     (d) Placing or allowing Plaintiff to be placed in a clinic setting knowing or having reason to know that the condition of his feed was likely to worsen due to his co-morbidities including by not limited to skin ulcerations and diabetes.

Dkt. 10, at 3-4. Plaintiff seeks damages not to exceed $5,000,000, an award of costs, and prejudgment interest. *Id.*

    Defendant now moves to dismiss this case, arguing that Veterans' Judicial Review Act, 38 U.S.C. § 511 deprives this Court of subject matter jurisdiction to consider Plaintiff's FTCA claims because they all relate to the VA's decision to provide Plaintiff benefits. Dkt. 12. Defendant asserts that the proper avenue to challenge the VA's decisions on the provision of benefits is through the Board of Veterans' Appeals. *Id.*

    Plaintiff responds and asserts that he is making "negligent *treatment*" claims, and is not challenging the VA's decision on the provision of benefits. Dkt. 18, at 2 (*emphasis in original*). If the Court does find that all his claims relate to the provision of benefits, Plaintiff moves the Court to transfer the case to Board of Veterans' Appeals pursuant to 28 U.S.C. § 1631. *Id.* Plaintiff expresses concern about the statute of limitations. *Id.*

    Defendant replies and argues the case must be dismissed because all factual allegations relate to the decision to deny Plaintiff a benefit – admission to the CLC, and so must be dismissed. Dkt. 19. Defendant asserts that § 1631 allows this court to transfer the case to other "courts," as defined in 28 U.S.C. § 610 and so does not include administrative agencies, like the VA and its Board of Veterans' Appeals. *Id.* Defendant further notes that Plaintiff did not allege in his Amended Complaint that he filed a Notice of Disagreement with the VA within one year of the

contested decision. *Id.* Defendant asserts that Plaintiff could not maintain a claim with the Board of Veterans' Appeals because of his failure to file a timely Notice of Disagreement. *Id.*

## II. DISCUSSION

### A. STANDARD ON MOTION TO DISMISS

Under Fed. R. Civ. P. 12 (b)(1), a complaint must be dismissed if, considering the factual allegations in the light most favorable to the plaintiff, the action: (1) does not arise under the Constitution, laws, or treaties of the United States, or does not fall within one of the other enumerated categories of Article III, Section 2, of the Constitution; (2) is not a case or controversy within the meaning of the Constitution; or (3) is not one described by any jurisdictional statute. *Baker v. Carr*, 369 U.S. 186, 198 (1962); *D.G. Rung Indus., Inc. v. Tinnerman*, 626 F.Supp. 1062, 1063 (W.D. Wash. 1986); *see* 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1346 (United States as a defendant). A federal court is presumed to lack subject matter jurisdiction until plaintiff establishes otherwise. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). Therefore, plaintiff bears the burden of proving the existence of subject matter jurisdiction. *Stock West*, 873 F.2d at 1225; *Thornhill Publishing Co., Inc. v. Gen'l Tel & Elect. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

### B. FTCA, VETERAN'S JUDICIAL REVIEW ACT, AND JURISDICTION

The United States, as sovereign, is immune from suit unless it consents to be sued. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980); *Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995). If a claim does not fall squarely within the strict terms of a waiver of sovereign immunity, a district court is without subject matter jurisdiction. *See, e.g.*, *Mundy v. United States*, 983 F.2d 950, 952 (9th Cir. 1993). The FTCA, the statute upon which this case is brought, is a

limited waiver of sovereign immunity. *See* 28 U.S.C. § 1346 (b). The FTCA is the exclusive remedy for state law torts committed by federal employees within the scope of their employment. 28 U.S.C. § 2679 (b)(1).

Defendant argues that the Veteran's Judicial Review Act divests this Court of jurisdiction to consider Plaintiff's FTCA claims, citing 38 U.S.C. § 511. Dkt. 12. Section 511 provides that:

> The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

Accordingly, the Veteran's Judicial Review Act precludes federal court jurisdiction over "cases where adjudicating veterans' claims requires the district court to determine whether the VA acted properly in handling a veteran's request for benefits" and "also to those decisions that may affect such cases." *Veterans for Common Sense v. Shinseki*, 678 F.3d. 1013, 1023-26 (9th Cir. 2012).

To the extent that Plaintiff makes claims that the VA improperly denied his request for admission into the CLC, this was a denial of benefits, and so those claims should be dismissed pursuant to the Veteran's Judicial Review Act. Further, to the extent that Plaintiff's claims would require a decision that may affect the VA's handling of Plaintiff's request for benefits, his claims should also be dismissed.

Plaintiff asserts in his Amended Complaint that the Defendant was negligent, in part, for: "[f]ailing to adequately and appropriately treat [Plaintiff] for his foot ulcers . . . [and] for his developing bone infections." Dkt. 10, at 3-4. To the extent Plaintiff makes a negligence claim for medical treatment unrelated to the decision to deny him benefits (that is the denial of admission to the CLC), there is no assertion that this Court lacks jurisdiction for those claims, and the motion to dismiss, based on lack of jurisdiction, should be denied.

In its reply, Defendant argues that Plaintiff fails to plead any facts in support of an allegation that he received negligent medical treatment. Dkt. 19. This argument appears for the first time in Defendant's reply and should not be considered. *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007)(holding "district courts need not consider arguments raised for the first time in a reply brief"). Even if it were properly raised as a Rule 12 (b)(6) motion, Plaintiff may well be entitled to amend his Amended Complaint to plead facts in support of that claims. *See Yagman v. Garcetti*, 852 F.3d 859, 863 (9th Cir. 2017)("In dismissing for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts").

**C. TRANSFER**

If Defendant's motion to dismiss is granted, Plaintiff moves the Court for an order of transfer to the Board of Veterans' Appeals pursuant to 28 U.S.C. § 1631. Dkt. 18. Plaintiff's motion for a transfer should be denied.

Under 28 U.S.C. § 1631,

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

Pursuant to 28 U.S.C. § 610 defines "courts" to include: "the courts of appeals and district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, the District Court of the Virgin Islands, the United States Court of Federal Claims, and the Court of International Trade." Accordingly, 28 U.S.C. § 1631 "provides

for the transfer of actions only between federal courts." *See Hadley v. Hawaii Gov't Employees' Ass'n*, 281 Fed. Appx. 683, 684 (9th Cir. 2008). "The Board of Veterans' Appeals is an administrative agency within the Department of Veterans Affairs, and 28 U.S.C. § 1631 does not permit transfer from this Court (or any court) to an administrative agency." *See Jackson v. United States*, 80 Fed. Cl. 560, 566 (Fed. Cl. 2008). Plaintiff fails to point to any other authority to transfer his claims. The motion to transfer (Dkt. 18) should be denied.

### III. ORDER

It is **ORDERED** that:

- Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Dkt. 12) **IS:**
    - **GRANTED** to the extent that Plaintiff makes claims that the VA improperly denied his request for admission into the CLC or makes claims that may affect the VA's handling of Plaintiff's request to be admitted to the CLC; and
    - **DENIED** to the extent Plaintiff makes a negligence claim for medical treatment unrelated to the decision to deny him benefits (that is the denial of admission to the CLC); and
- Plaintiff's motion to transfer the case to the Board of Veterans' Appeals (Dkt. 18) **IS DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 24th day of April, 2018.

ROBERT J. BRYAN
United States District Judge